I'll ask the clerk to call the case. All right, counsel, if you could approach and let us know who you are and who you represent. We'll go over the ground rules. Good morning, Your Honor. My name is James Rocha. I represent the plaintiffs. Okay. Good morning, Your Honor. My name is Carlton Fisher. I represent four of the defendants in the case. Okay, 15 minutes per side, save some time for rebuttal. The microphones here are not for amplification, so they're just for recording. So keep your voice up when you're arguing.  Thank you, Judge. Twenty-one years ago, I came before this court, not this panel, to argue in the Walters v. Marron case that the trial judge's application of Kansas sever liability law was appropriate in that product's liability case. Today, I return asking for, in essence, the same relief, the application of the sever liability law scheme of a different state, Indiana. But in this case, I ask this court to reverse the motion judge's decision in applying Illinois law. There's about a half dozen key points that I want to make. The first point that I want to make is that the motion judge correctly decided that the substantive law differences between Illinois and Indiana were there. And any argument by the plaintiff that they're not or contesting of that, I think that argument's been waived. Second, I would argue the defendant's – The plaintiff doesn't waive that argument by not cross-appealing. They weren't in a grieved party. They had no basis to cross-appeal. You may be right, Justice. But I know we argued in our brief that it was waived in the sense that it wasn't raised in a separate appeal. But you may, in fact, be correct on that particular point. I think she is. All right. And assuming that that is the correct proposition and I was in error on that, then the point becomes, I think, to articulate is there a distinction in the law. There clearly is. I gave hypotheticals in my opening brief as to why if Mr., as we've been calling him, wrongly callouses fault was assessed, the northbound driver in the southbound lanes of I-65, that could have an incredible difference of application. Very simply put, in Illinois, if I were to point the finger at the empty chair, the only way I prevail under Illinois law is for the jury to decide with a 1204 instruction from the IPI that Mr. Callous was completely at fault. No. I think that argument is very well made in the briefs and discussed by counsel as well with regard to those differences. I think you should go into your brief. Thank you, Judge. So the second point is, did we properly bring before the court our allegation about Mr. Callous? Is there some contention in the plaintiff's response brief that we did not? I think if you go back to January 9, 2013, when we argued the original motion to dismiss that I filed on behalf of my clients, and just as part of the record, here's a colloquy that occurred between me, Mr. Roach, and the judge. Okay, all right. Tell me what you want to know in addition to what you've already given me. I think I understand it. Fisher. Sure, Your Honor. Fairly well. It's an Indiana accident. Correct. Yes, Fisher. The court. It's a northbound defendant, right, who went in the southbound lanes. Correct. Fisher. It is, yes. Ms. Moriarty. Well, he's not a defendant, Mr. Fisher. He's not a defendant. The court. I'm sorry. He caused this huge accident, Mr. Fisher. That's one perspective. So clearly the motion judge knew the importance of Mr. Callis' conduct, a northbound driver on an interstate highway that's aimed to go southbound. So we brought it to the court's attention and plaintiff's counsel's attention after they filed a document they called a motion for a good faith finding. We, of course, take the position that no good faith finding resolution needs to be made because Indiana law applies, several liability law. But to be on the safe side, and before the arguable statute of limitations in Indiana ran, we filed a document showing we're putting you on notice of this non-party. Now, the real reason in Indiana law why that's important is because a plaintiff in Indiana does not want to be led down the primrose path thinking there's, you know, he's got all the correct defendants. It's to put on notice to the plaintiff you may have another defendant that needs to be added. But in this case, that would have been completely unnecessary because the very plaintiff settled with that party. So we go to the third point. Did the conduct of Mr. Callis, was it considered by the trial judge? It clearly was. It's identified in his opinion. So we go now to the fourth point. Since we're not here to prove up how this case should be decided, we're not here to decide whether or not Mr. Callis is 100% at fault, as would be my initial primary argument, or is he perhaps 80 or 90% and then let the other chips fall where they may, perhaps including Mr. Denton, and then assess the fault? I think plaintiff's argument in response presupposes that with his argument about this inadmissible evidence, the police report and all that, that we're somehow trying to argue the case and decide it right here in the motion judge and in these chambers. Clearly we're not. The opinion that the motion judge wrote did not address in one shape or fashion the presumption of state law of Indiana where the accident occurred being presumed to be in favor. The decision did not address it. And for that reason alone, because the motion judge did not overcome that presumption in favor of the presumption that the law of the state where the accident occurred, that ought to be a basis for reversal. And you raised it? Oh, yes. It was raised in our opening brief, clearly. So as I approached this case for oral argument before this panel, I decided that chronologically looking at all the facts and chronologically looking at the cases that had been cited by Mr. Roach and me were appropriate. And because I get into charts, I examined the cases starting at Ingersoll all the way down to the Wisley case. And what I found when I examined that was a very, very interesting pattern. And the pattern starts with the Ingersoll case, the famous case with the previous articulation of the choice of law in Illinois before it was succeeded by Townsend. Two Illinois people perhaps go over the border of the Mississippi River into Iowa and the accident occurs. In that particular case, the plaintiff's domicile was Illinois, the defendant's domicile was Illinois, the law that was applied was Illinois, even though the accident arguably occurred in Iowa. The three cases on which the plaintiff bases his chief argument, the Scholes case, the Miller case, and the Murphy case, all have identical factual patterns where the plaintiffs are in Illinois and the defendants are in Illinois, yet the accident happened somewhere else and the courts, in some cases this court, properly decided that Illinois law was applicable. I'll even add one to that list. An Illinois Supreme Court decision that was cited by Mr. Roach, the Esser case. That's the one where an accident happened in Mexico and yet they were all from Illinois and it was decided in that case, once again, Illinois law applied. But in this case, like the Walters case of 21 years ago, we do not have that circumstance. We do not have that circumstance in the Rosette case. We don't have that circumstance in the Townsend case. And most interestingly, an Indiana federal district court decision that sort of presages what I was going to be arguing in this, and I want to quote to the court because it really addresses the argument made by plaintiff. The cases cited by the plaintiff involve situations in which either all the parties were domiciled in the same state, the conduct giving rise to the injury occurred in a different state than where the injury occurred, or the parties had a prior relationship that was clearly centered in another state. It cites the Martinez case cited by counsel, the Miller case, and the Scholes case. Interestingly, the federal district court judge continues in this analysis. In this case, the conduct giving rise to the injury, the allegedly negligent operation of the freight liner by Grodd, occurred in Indiana resulting in an injury that occurred in Indiana. It cannot be said that the injury could have occurred in any state as the alleged negligent conduct occurred at that specific time and location in the Indiana roadway. And then the last sentence is particularly telling. Thus, the court finds the location was not merely fortuitous in ways in favor of applying Indiana law. This issue of fortuity, stated in other cases as mere happenstance, stated in other cases as adventitious, is an interesting argument of convenience because my analysis of the cases cited by both parties also turned up a similar case, the Rosette case cited by plaintiff's counsel, in which the plaintiff's domicile was Illinois or Florida and the defendant's domicile was Illinois or Florida. Remember the Miller case. That was the college students. They arguably maintained two different domiciles. But two different decisions by this court decided in the one instance that Florida law would apply and in the other instance an Illinois law would apply. And in that particular decision, Rosette, it said it was mere fortuity that it happened there. So this argument of fortuity really is an argument of convenience and it really doesn't determine it. But the last thing that I want to point out is there's a very, very key distinction that exists in analyzing all these cases. Not one of the cases cited by plaintiff's counsel or myself has the factor that the Denton case has. And that is the presence of a non-party tortfeasor. Not a single case cites that. And because it would be somewhat anomalous, in my view, to have Illinois law applied in a case involving a party recognized by the trial judge who made this decision of a possible cause, we argue the sole cause, having Illinois law applied, Illinois motor vehicle law applied, where he didn't subject himself to the jurisdiction. He wouldn't be subject to a contribution counterclaim in this case. In fact, this very same motion judge on another case cited by plaintiff's counsel in discussing contribution actually decided the same thing. So one cannot presume that this judge would have honored the plaintiff's argument that, oh, Mr. Fisher, you can go ahead and file a contribution counterclaim against a party over which this court has no jurisdiction. So that's the key point. The Denton case is very much like the Walters case, but it has an added feature that distinguishes it from all the other cases, and that is the presence of a non-party tortfeasor from the state in which the accident happens. Thank you very much. Thank you. Let's just take a minute. There's nothing to do with the content of your upcoming argument. Now I'm really intimidated. I'm not necessarily alarmed. Now I'm really shaking in my boots. May I have your attention, please? May I have your attention, please? This is an emergency 4-by-4 evacuation drill. There are occupants on the 16th floor. This is an all-team drill. Go ahead. Thank you. It's like a new Seinfeld show or something. Should I try it again? Give it your best. The next thing is going to be, and we mean you. I'll be glad, if I may. I don't think there's any question that there is a difference in law between Indiana and Illinois, as you stated. The question, I think, though, is whether or not it will make a difference in this case. And as the case stands now, there's no evidence to support the defendant's argument that the difference in law between Indiana and Illinois will make a difference in this case. Well, but what about the argument that as the percentage of Callis' liability goes up, the award against the remaining defendants goes up under Illinois law, whereas under Indiana law it doesn't? A couple things. Number one, the defendant has not been able to demonstrate that they can bring Callis into this case. We're really talking about the application of the law and what the outcome might be. Nobody has evidence at this point. And that's part of the problem with the movement's motion, is that he filed this motion, in my opinion, prematurely. He filed it before he was able to gather evidence that the statute in Indiana will make a difference. It's like that Indiana case I cited, or Illinois case I cited, the wrongful death case. I think it was Gleim, G-L-E-I-M, where the court found that, yes, there's a difference in the law, but the defendant wasn't able to demonstrate that the statute applied to the defendants in that case. And I think that's the same situation here. The defendant is required to present evidence, and was required to present evidence to the trial court, that that statute was actually going to apply. He didn't present any evidence other than his own statement that Callis is at fault for this. That's all we have in the record. How can you even talk about this occurrence without starting with Callis? I mean, he's the first domino. No. The most dominant domino. I respectfully disagree. So you think that we can look at this case by excising the conduct of Mr. Callis, who's driving the wrong way down the road, causing all these other cars to go left to right and try to dodge collisions. Number one, there's no evidence in the record of that. Number two. When you say no evidence in the record of that, my understanding from the appellant's brief is there were references. In fact, he read a reference in an argument. So there are references to Mr. Callis's actions. That was a reference to a motion to dismiss. There were no documents. There was no admissible evidence attached to his motion for the application of Indiana law. Now, where does it say he has to provide admissible evidence to make the argument regarding this particular issue? The case I cited in my brief was to the effect that the appellate court can only consider documents that the circuit court considered in deciding this issue. Well, but the document, but the information itself, and there was a police report. Right. So there was a police report. There was an evidence. It was there. Maybe the trial may not be admissible evidence. So, I mean, the question is the difference between evidence and admissible evidence. It's evidence. That evidence was there in connection with his motion to dismiss. It was not in connection with this particular motion. It's in the record. It's in the record. But it's not something that was presented to the trial court in connection with this particular motion. You don't get to hide that and pretend it didn't happen. You don't get to, we're not going to put on any blindfolds here. Okay. All right. Well, if we do take into consideration callousness and negligence. Let's assume that we will. Okay. Let me tell you. On what basis would we put on blindfolds? You're saying we shouldn't look at that at all. Even though it's there in the record. It may not be exactly where you want it, but the judge obviously is aware of it. It's obvious the judge is aware of it before this decision. So since the judge is aware of it before this decision, what would support your position that we cannot even consider? Well, my position is as stated in my brief, in that the court is limited to reviewing documents that the circuit court reviewed in connection with this motion. I understand there's a difference of opinion. I understand that I'm probably on the losing end of that argument. However, that's my position, is that the documents that were submitted to the trial court in connection with this motion, they can't just all of a sudden resurrect everything in the trial court record and say, you know, to the appellate court, the trial court considered all this when there's no evidence that the trial court considered all that evidence in connection with deciding this motion. They considered that evidence in connection with deciding the motion to dismiss. Yes, but isn't that when a judge or any case, I mean, it's building blocks. And what happens before it continues out. A judge doesn't wipe his or her mind clean and says, okay, new motion, nothing before is in my mind. But that doesn't happen. So it's all part of the case. That's why we could consider it. Okay. Let's move on from there. Why don't we move on to the presumption. Okay. And tell us how it is that you believe you can overcome the presumption that Indiana law ought to apply since that's where the accident happened. Certainly. Thank you. First of all, this is a fortuitous event. And fortuity is not an argument of convenience. It's an argument that has been stated over and over in the appellate court opinions, especially in respect to interstate travel cases. And the reason why this is a fortuitous event is this. This crash occurred when the defendant truck driver failed to slow down when all the other traffic in front of him was slowing down and crashed into the rear end of my client's vehicle. Now, nobody knew why traffic was slowing down. There was a change in traffic pattern that caused traffic to slow down. Everybody slows down except the defendant driver. This is a fortuitous event because this particular incident of a change in traffic pattern causing cars to slow down and come to a stop happens probably in every trip this truck driver takes, in every state this truck driver takes. It could have happened because there was construction up ahead. It could have happened because there was a deer crossing the road. It could have happened because a mattress fell off somebody's car. But then we wouldn't have the presumption that we have in Illinois that the law of the situs of the accident and where the injury occurred is presumed to apply. If you're right and fortuity is something that a court can look at, all accidents are fortuitous. It doesn't matter. And so the situs of the accident and the place where the injury occurred wouldn't matter. The courts, for instance, did not, in the Supreme Court case, did not say the accident was fortuitous when the lawnmower accident occurred in Michigan. He bought the lawnmower in Michigan. This is the Supreme Court case. I'm sorry, the name of the case slips my mind. Townsend. Townsend. Bought the case, bought the tractor in Michigan. Mowed his own lawn in Michigan, lived in Michigan. It's not fortuitous that the accident happened in Michigan because that's where everything occurred. Why was your client in Indiana? He was going to a meeting in Indiana. Just like in the Schultz case, the bus case, they were going to a destination in Iowa. Just like in the Colorado. But here, where did the injury occur? Indiana. Indiana. The place where the conduct causing the injury occurred. The negligent driving occurred in Indiana. However, there are also accounts of willful and wanton hiring. Willful and wanton imprisonment. But that doesn't go to this accident. Oh, it does. It does because we've alleged that this driver was grossly incompetent. He didn't have a driver's license. He should not have been on the road. Because he was grossly incompetent, he didn't stop when everybody else was stopping. He should have never been on the road. The conduct of letting this driver drive a truck is certainly a very large part of why this crash occurred. And so he's from, remind me, South Carolina? Yes, yes. The company that hired him negligently or grossly negligently is a South Carolina firm. Yes. He picked up a load in Bloomington. Illinois. Right. So where did the negligent hiring occur? The negligent entrustment of the load that he picked up occurred in Illinois. But the roofing company should have known he was a bad driver. Yes. If they hired a common carrier, they should have known that they had a bad driver. The broker should have known that this company was not a good company, and that's what we've alleged in our complaint, is that there are so many negative aspects about this company that the broker should have never hired UACL to haul their load. We have a joint venture complaint. RFX, OMG, UACL all got together to broker this load from Illinois. That's where their relationship is, this brokered load in Illinois. They hire an incompetent truck company that has a history of violations, that uses incompetent drivers to haul their load from Illinois to other states. Not only did this driver not have a driver's license, he had seven collisions. He was convicted of a felony for road rage, four prior license suspensions, ten traffic-related convictions, nine out-of-service violations. That's a very large problem. That will be a good cross-examination, but I have the feeling it's going to be held in Jasper County, Indiana. I mean, everything here leans toward Indiana. I mean, if you want to talk about fortuitous, the fact that he picked up this load in Bloomington, Illinois, could be characterized as being fortuitous. But the fact that he's traveling through many states to get to his destination, just like the Martinez case I cited, is the same exact situation where you have a Colorado resident and an Iowa defendant, and the Illinois courts determined that Colorado law applied because of the connection to Colorado. It's the same situation except different states. But here, I mean, I think the problem with your theory is that we have to ignore what happened up the road. And that's where you start. You're saying the driver of the truck should have slowed down and everything else, but that's ignoring everything that happened for the reason that he should have slowed down. Like I said, you're taking these two incidences, which are all part of one, and trying to separate them. The reason why traffic slowed down, in my opinion, is not terribly significant because traffic slows down all the time for various reasons. It wouldn't be if you were suing callous. It was significant when you sued him and got $100,000 from him. So, I mean, I think it's an interesting academic exercise to sort of have a fact-ectomy performed on your case and just put callous off to the side and forget about them. But I don't think that we can do that. I maintain that the event is fortuitous. I understand that you may disagree with me, but that's one element of the exercise we have to go through. And the only thing that happened in Indiana in this case is the crash itself. Now, when you look at the other factors, you look at the residents of the parties involved in this case, which case law says is the most important factor in a case involving damages, that the residents of the parties in this case are Teresa Denton, Illinois,  one of the defendants, OMG, where the product was picked up has a facility in Illinois. All the defendants admittedly do business in Illinois. There is absolutely no connection with Indiana other than the fact that that's where this particular incident occurred. And also, if you look at the relationship between the parties, it's centered in Illinois because that's where the load was brokered. That's where it was picked up. That's where it was transferred from. So you look at that factor, it weighs heavily in favor of Illinois. And the place where the convict occurred, we already addressed that. I understand the negligent driving occurred in Indiana, but many other things occurred in Illinois. Specifically, they entrusted this load to an incompetent driver in Illinois. So that factor weighs in favor of Illinois. So even if you determine this case, this incident was not fortuitous, you still look at the other three factors, and they weigh in favor of Illinois. And then you look at the policies for the state of Illinois versus Indiana. And the policies of, in this particular case, when the issue involves damages, the policies of the state of Illinois outweigh the policies of the state of Indiana because it involves compensating one of its own residents. And when there is an issue involving compensation of one of your own residents, that state's law weighs heavier in favor than the other state's law. So when you look at all the factors, even if you determine that this incident was not fortuitous, which I respectfully disagree based upon all the cases I've cited, all the interstate cases I've cited have all determined that the incident was fortuitous. Counsel has not been able to cite one interstate travel case where the court determined that it wasn't fortuitous because he's traveling through many different states. This same incident could have happened in any state because they put an incompetent driver on the road. He was an accident waiting to happen. Thank you. Counsel is correct that I did not cite a single interstate travel case that has to do with fortuity. That's because he cited it. He cited the case of Rosette, the one I alluded to before, where the language from Rosette where you've got Florida, Illinois, as possible domicile for both of them, and in contradistinction to the Miller case involving the college students, here's the language of a branch of this appellate court where it said, we conclude therefore that Florida law, not Illinois law, should apply. Plaintiff's injury occurred in Florida. Defendant's conduct that allegedly caused plaintiff's injury occurred in Florida. Quote, it was merely fortuitous that plaintiff and defendant were friends and both lived in Illinois. Unquote. This fortuity business, this happenstance, this adventitious, as one court refers to it, is an argument of convenience. It means nothing. And incidentally, there is no line of interstate travel cases. That doesn't exist. His argument was, I filed this prematurely. I wonder what would have happened if I had filed it on December 26th, my notice of non-party. His argument would have been, oh, sorry, you blew the Indiana statute of limitations. So you can't have it both ways. Second, there's no requirement for admissible evidence. All the cases he cites for the proposition that I was supposed to put on my entire case were summary judgment, dismissals with affidavits, and form nonconvenience. Creatures that are much different than a choice of law motion. It was interesting hearing counsel's remarks as he basically pled his final argument, where he said that my guy failed to slow, where there was a change in traffic patterns. None of that came out of the police report. The only thing that's in the police report is the cop thinks that the cause was Mr. Callis. The cop could be wrong. It could quite sincerely be, if we go under Indiana law, as we argue, this is what possibly could happen. And this is to the benefit of the plaintiff, not the benefit of the defendants. He could argue Johnson, the South Carolina driver, and its immediate employer, and its motor carrier statutory employer based in Michigan, are responsible for his negligent actions. And then there's this joint venture that arguably exists between RFX, the broker, and OMG, the shipper. And under Indiana law, that could be a separate item of several liability, unlike Illinois law. And so there's some benefits, frankly, for the plaintiff to go to Indiana law and have Indiana law apply. That would be a first. That's true, Judge. And on that same note, as plaintiff claims, there's a difference in Indiana and Illinois law on damages. Not in this case. Right. This isn't a wrongful death case or a minor's case with caps. There are no caps. The line items are nearly identical. This is the same as the Martinez case. Au contraire. The Martinez case, the place of injury was Iowa. The plaintiff's domicile was Colorado. The defendant, Tortfeasor's domicile, was many, many different states, including Illinois. And what did the federal district court judge decide in that case? Decided to apply Colorado law. Why? Because the damages, in fact, the only issue in that case was damages law.